UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:09CV472MLM |
| A SHINING STORE, INC., ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiffs' Motion for Relief from Judgment. [Doc. 13] On July 22, 2009 this court entered default judgment in favor of plaintiffs and against defendant in the amount of $156,166.07 for delinquent contributions and other relief under a collective bargaining agreement and ERISA. The amount of this Judgment was based on reports of delinquent fringe benefit contributions submitted by the defendant to the plaintiffs, plus liquidated damages on those contributions, attorneys' fees and costs.

Since this Judgment was entered, defendant has submitted to the plaintiffs revised reports for the month of April, 2009. These reports show a larger number of unpaid hours than had been previously reported. This increased the overall amount of contributions owed, as well as the corresponding liquidated damages associated with these unpaid contributions. Plaintiffs have detailed the additional amounts owed in a Supplemental Affidavit of Bernard Difani and its accompanying exhibits.

Rule 60(b)(6) of the Federal Rules of Civil Procedure sets out the grounds for relief from a final judgment order or proceeding. Fed.R.Civ.P. 60(b)(6) states that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: . . .(6) any other reason that justifies relief." Fed.R.Civ.P. 60(c)(1) provides that a motion under Rule 60(b) must be

made within a reasonable time. By Order dated November 9, 2009 the court found that because defendant submitted revised reports for the month of April, 2009 which increased the amount of contributions due for that month as well as liquidated damages on those contributions and the liquidated damages owed from May 1-May 5, 2009 that plaintiffs are entitled to an Amended Default Judgment. Plaintiffs now request that the Judgment entered on July 22, 2009 be amended to reflect that defendant is liable to plaintiffs in the amount of $160,086.72, consisting of $133,289.78 in contributions through May 5, 2009 and $24,490.44 in liquidated damages on unpaid or late-paid contributions, as detailed in the Supplemental Affidavit of Bernard Difani and accompanying exhibits. The amount plaintiffs seek for attorneys' fees and costs, $2,306.50, remains the same. The court notes that no prejudice to defendant will result from this action as the changes are due to the defendant's own submitted reports. The Memorandum and Order entered July 22, 2009 by this court is adopted and incorporated by reference except for the change in the amount of contributions owed as well as the corresponding liquidated damages associated with the unpaid contributions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Relief from Judgment is **GRANTED.** [Doc. 13]

**IT IS FURTHER ORDERED** that Judgment will be entered separately.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2009.